UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANE LAFFERTY, a single person, )
                        Plaintiff, )
               v. )
CHRISTOPHER LIU, Director of the )
Department of Enterprise Services of the )
State of Washington in his official capacity )
as Director of the Department of Enterprise )
Services and in his individual capacity, et )
al., )
                        Defendants. )

CASE NO. C17-0749RSM

ORDER GRANTING IN PART MOTION
TO COMPEL AND AWARDING FEES

This matter comes before the Court on Defendant David Heenan's Motion to Compel. Dkt. #21. Defendant acknowledges in his Reply that Plaintiff Shane Lafferty has provided essentially all of the requested discovery in response to this Motion. Dkt. #26. Defendant now seeks only attorneys' fees associated with bringing this Motion and "respectfully asks the Court, in its Order, to permit either of the parties or counsel obtain Plaintiff's Skagit County Jail records, including but not limited to records of medical care he received in custody, from the date of his arrest (October 23, 2016) to present" pursuant to RCW 70.48.100(2)(c). *Id*. at 6.

Rule 37 provides that if a motion to compel is granted or disclosure or discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party

ORDER GRANTING IN PART MOTION TO COMPEL AND AWARDING FEES - 1

or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). However, a court must not order this payment if: ". . .the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

The Court finds that the granting of reasonable expenses incurred in making this Motion is warranted. The Court agrees with Defendant that Plaintiff's counsel's difficulty in contacting his client, *see* Dkt. #25 at 8–11, does not excuse his repeated failure to respond to Defendant's inquiries. Plaintiff has presented no other circumstances that would make an award unjust.

The Court has reviewed Defendant's request for attorneys' fees and supporting documentation. Plaintiff has also had an opportunity to review this request and challenge the amount, but has failed to do so. The requested rate of $165 per hour is reasonable given the Court's experience of comparable rates for this kind of legal work. However, Defendant's counsel's billing entries include activities beyond the scope awardable under Rule 37(a)(5)(A). The Court will only award fees associated with reasonable expenses incurred in researching and

ORDER GRANTING IN PART MOTION TO COMPEL AND AWARDING FEES - 2

drafting the instant Motion and supporting declarations. The Court will not award fees for block-billed entries. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Given all of this, the Court has determined that the relevant billing entries total 12.8 hours at a rate of $165 per hour. This totals $2,112 in fees. The Court will not award an estimated amount of time for drafting Defendant's Reply brief, because this request is unsupported by evidence, and because the scope of the Reply was significantly limited by the production of the requested discovery. Accordingly, the Court will not add to this amount.

Although Defendant requests that this case be stayed until such time as this award is paid, *see* Dkt. #21 at 12, Defendant cites no authority for this request and the Court finds that it is not warranted under the circumstances of this case.

Accordingly, having considered the relevant briefing, supporting declarations, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant David Heenan's Motion to Compel, Dkt. #21, is GRANTED.

2) Plaintiff Lafferty shall pay Defendant Heenan $2,112 in attorney's fees within thirty (30) days of this Order.

3) Plaintiff Lafferty's records from the Skagit County Jail from the date of his arrest (October 23, 2016) to the present, including medical records for treatment received therein, shall be produced to Defendant Heenan's attorneys in accordance with RCW 70.48.100(2)(c).

DATED this 26 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION TO COMPEL AND AWARDING FEES - 3