UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANE LAFFERTY, a single person, )
                                  ) CASE NO. C17-0749RSM
        Plaintiff, )
                                  )
    v.                                ) ORDER GRANTING HUDSON
                                  ) INSURANCE CO.'S MOTION TO
CHRISTOPHER LIU, et al., ) DISMISS
                                  )
        Defendants. )
                                  )

This matter comes before the Court on Defendant Hudson Insurance Company ("Hudson")'s Motion to Dismiss and for Sanctions. Dkt. #39. Hudson argues that the only claim brought against it is for injunctive relief to compel Hudson to "cease and desist from pleading the defense of Indian sovereignty…" and that this issue "is moot because Indian sovereignty has not been raised by any defendant in this case." *Id.* at 2–3. Hudson points to the fact that nowhere is such a defense explicitly pled by any Defendant, let alone Hudson, which cannot plead sovereign immunity as an insurance company. On Reply, Hudson points out that any defense that could conceivably be considered as related to Indian sovereignty has been withdrawn by Defendant David Heenan. Dkt. #50 at 2 (citing Dkt. #46).

The Court agrees that sovereign immunity has not been pled in this case. Defendant David Heenan has filed an Answer asserting various affirmative defenses none of which assert

ORDER GRANTING HUDSON INSURANCE CO.'S MOTION TO DISMISS - 1

sovereign immunity. *See* Dkt. #13. Claims against David Heenan have been dismissed and he has withdrawn the defenses at issue. Accordingly, Plaintiff Lafferty simply has no remaining claim against Defendant Hudson, and any request for an injunction is moot. Defendant Hudson has met the standard for relief under Rule 12(b)(6).

The Court has considered Defendant Hudson's request for fees as a sanction under 28 U.S.C. § 1927. Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). The Court finds that Plaintiff Lafferty's conduct has yet to "so multipl[y] the proceedings" in this case so as to warrant sanctions, and that Defendant Hudson has failed to put forth sufficient evidence of bad faith.

Accordingly, having considered the relevant briefing, supporting declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Hudson's Motion to Dismiss, Dkt. #39, is GRANTED. Plaintiff's claims against Hudson are dismissed. No sanctions are issued at this time.

DATED this 26th day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE