UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANE LAFFERTY, a single person,

    Plaintiff,

    v.

CHRISTOPHER LIU, et al.,

    Defendants.

CASE NO. C17-0749RSM

ORDER GRANTING DEFENDANT HEENAN'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant David Heenan's Motion for Summary Judgment. Dkt. #54. The Court has previously dismissed claims brought by Plaintiff Shane Lafferty against other Defendants. *See* Dkts. #47 and #52. Officer Heenan now seeks to dismiss Mr. Lafferty's remaining claims. Mr. Lafferty opposes. Dkt. #57. For the reasons stated below, the Court GRANTS this Motion.

## I.     BACKGROUND

On October 23, 2016, Anacortes Police radioed an "attempt to locate" Mr. Lafferty related to domestic violence assault. Dkt. #55-4 at 2. This arose from a police dispatch that morning, when Anacortes Police responded to an anonymous report that Mr. Lafferty "was forcibly picking Marissa [Lafferty] up and making her walk." Dkt. #55-5 at 2. Later that day, Anacortes Police

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Corporal R.W. Leetz viewed video footage of the incident. *Id.* at 9. Based on that video, Corporal Leetz determined he had probable cause for Mr. Lafferty's arrest for DV Assault 4. *Id.* at 8.

Meanwhile, the Swinomish Tribe's police responded to the Tribe's casino near Anacortes shortly after midnight on October 24, 2016, after being notified that a barred guest was present at the casino. Dkt. #55-4 at 2. Mr. Lafferty had been permanently barred two weeks earlier after threatening a casino employee. Dkt. #55-6. As security and police were attempting to identify and locate Mr. Lafferty, he ran and hid in a marshy area next to the casino. Dkt. #55-2 at 2. Officer Fauvelle notified Officer Aaron Nelson that Mr. Lafferty was running from them. Dkt. #55-1 at 2. Officer Fauvelle recalled that earlier in the shift the Anacortes Police Department indicated they had probable cause to arrest Mr. Lafferty. Dkt. #55-2 at 2. As the officers set up a perimeter around Mr. Lafferty, Anacortes Police Corporal Jackie Richter radioed confirmation that they had probable cause for Mr. Lafferty's arrest. Dkt. #55-4 at 2; Dkt. #55-5 at 9.

Swinomish Officers Fauvelle and Nelson pursued Mr. Lafferty by flashlight into the marsh. Dkt. #55-2 at 2. They drew their weapons and ordered Mr. Lafferty to put his hands up, turn away from them, and drop to his knees. *Id.* Mr. Lafferty did not comply with these orders, lowering his hands several times. *Id.* Mr. Lafferty was also "continually yelling at Officers as [they] gave him commands." *Id.* at 3.

Officer Fauvelle then holstered his weapon and approached Mr. Lafferty to handcuff him. *Id.* He grabbed Mr. Lafferty's right hand attempting to gain control and place him into custody, but Mr. Lafferty pulled away from him, causing Officer Fauvelle to fall forward with him. *Id.* Officer Fauvelle landed on Mr. Lafferty's back, and Mr. Lafferty attempted to pull his right hand—which Officer Fauvelle was holding—under his body. *Id.* With Officer Fauvelle on his back, Mr. Lafferty attempted to push up from the ground and roll over, grabbing Officer

Fauvelle's right hand in an effort to pry it away from him. *Id.* Officer Nelson then joined in the struggle, placing his knee on Mr. Lafferty's hip to restrain him. Dkt. #55-1 at 2. Mr. Lafferty then "violently kicked [Officer Nelson's] shin several times." *Id.*

The officers continued to attempt to restrain Mr. Lafferty and eventually got him handcuffed and in the back seat of a patrol car. *Id.* Mr. Lafferty spat on the officers several times. *Id.* Mr. Lafferty was eventually transported to the Skagit County Jail by Officer Heenan where he was booked. *Id.* When they arrived, Mr. Lafferty broke out of his leg tie and "was beating his head against the passenger side window." Dkt. #55-4 at 3. During booking, Mr. Lafferty complained that "he did nothing wrong and was beaten up by the police." Dkt. #55-9. He complained of pain in his left hand "and stated that it was hurt in a car accident the other day but also stated that one of the officers 'bent it in half.'" *Id.* He was given an ice pack. *Id.*

On July 7, 2017, Mr. Lafferty was charged with six felonies by the Skagit County Prosecuting Attorney. Dkt. #55-11. Count 3 was Assault in the Third Degree of a law enforcement officer. *Id.* at 3. The Information states, "…the above-named Defendant did intentionally assault a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault, to wit: Aaron Nelson, Officer and Henry Fauvelle, Officer." *Id.*

Mr. Lafferty pled guilty to Count 3. Dkt. #55-12. In his guilty plea, Mr. Lafferty stated that, "On or about October 23, 2016, Skagit County, Washington, I did intentionally assault a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault, to wit: Aaron Nelson, Officer and Henry Fauvelle, Officer." *Id.* at 12. Mr. Lafferty was sentenced to 62 months of total confinement, including 60

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

months for the assault charge. Dkt. #55-13. Mr. Lafferty is currently confined in the Airway Heights Corrections Center near Spokane. Dkt. #55-14.

Mr. Lafferty filed this lawsuit in state court on March 6, 2017. Dkt. #1-2. Defendant Hudson Insurance removed to this Court on May 15, 2017. Dkt. #1. The First Amended Complaint alleges that Officers Heenan and Fauvelle "pursued [him], tackled him and restrained him and in the course thereof broke [his] arm, all for the purpose of serving [him] with the written notice barring his future entry into the Swinomish Casino. Dkt. #5 at 66, ¶ 16. The claim for damages "starts with the premise that a person cannot be pursued and tackled so the police can serve process in his case, a No trespass future order." *Id.* Mr. Lafferty then alleges that Officer Nelson—not Officer Heenan—used physical force and "broke Lafferty's arm." *Id.* at 66, ¶ 17. He argues the officers used excessive force, caused pain and suffering, and acted under color of state law, making them liable under 42 U.S.C. § 1983. *Id.* at 66-67, ¶¶ 18-19, 21.

Defendant Heenan has submitted a declaration from an expert evaluating the above use of force and concluding that it was "objectively reasonable under the totality of the circumstances at the time of the use of force." Dkt. #56-1 at 7. Mr. Lafferty has not disclosed an expert or provided any contrary expert opinion. He has also not specifically disclosed any medical treatment providers or expert witnesses.

Mr. Lafferty's only submitted evidence in response to the instant Motion is his unsigned handwritten statement in response to interrogatories. *See* Dkt. #57-1.

## II. DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

Defendant Heenan cites *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) for the proposition that "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the allegedly unconstitutional behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Dkt. #54 at 12. Defendant argues that the purpose of the *Heck* doctrine is "to ensure that valid state criminal convictions and sentences—including guilty pleas—are not, in effect, retroactively contradicted by subsequent federal civil actions." *Id*. (citing *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1034 (N.D. Cal. 2014) (citations omitted)). When considering whether the criminal conviction is so intertwined with the excessive force claim as to bar the latter

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

under *Heck*, the Ninth Circuit has considered whether there was a "break" between the criminal act and alleged police response, whether the response was a "natural consequence" of the criminal act, and whether they were "closely interrelated." *Cunningham v. Gates*, 312 F.3d 1148, 1155 (9th Cir. 2002). Defendant therefore asserts that "[a] claim for excessive force may be barred where the plaintiff was previously convicted of assaulting a police officer within the same time period in which the officer allegedly used excessive force. *See Beets v. County of L.A.*, 669 F.3d 1038, 1045 (9th Cir. 2012). Defendant Heenan cites to numerous cases in the Ninth Circuit where the court granted judgment in favor of defendants on excessive force claims where the plaintiff previously was found or pleaded guilty to assaulting or resisting the arresting officer. Dkt. #54 at 12 (citing cases). Because any force used by Officer Heenan was part and parcel of the arrest and was, according to Mr. Lafferty's Complaint, undertaken jointly with Officer Fauvelle, who Mr. Lafferty has pled guilty to assaulting, the *Heck* doctrine bars Plaintiff's § 1983 claim for excessive force, and the Court should therefore enter summary judgment as a matter of law. Defendant Heenan asserts the force used was objectively reasonable given the record, and that this is dispositive. *Id*. at 14–16. Defendant Heenan asserts qualified immunity. *Id*. at 16–21. Defendant Heenan argues that "Plaintiff's claim for damages against him is also deficient because it is unknown when or how Mr. Lafferty sustained injury, and there is no evidence that Officer Heenan injured Mr. Lafferty." *Id*. at 21.

In Response, Plaintiff's brief relies solely on Plaintiff's unsigned written statement for factual support. Dkt. #57 at 6 (citing Dkt. #22. Ex. 4). Plaintiff fails to address the above arguments of Defendant in any detail, instead devoting the majority of his briefing to sovereign immunity issues no longer before the Court. Plaintiff does argue that one of the reasons for his arrest was to serve a no trespass order on him.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

On Reply, Defendant Heenan points out that "Mr. Lafferty does not dispute that his seizure was lawfully executed under state law, but merely speculates without any supporting evidence that there may have been coexisting Swinomish Indian Tribal Community reasons." Dkt. #58 at 1. Defendant asserts:

> Mr. Lafferty points only to inadmissible evidence—unsigned and unsworn discovery answers that constitute nothing more than hearsay—to claim that his excessive force claim should not be dismissed. He also claims that the *Heck* doctrine should not preclude his excessive force claims because his plea deal was advantageous, a theory which undermines the very purpose of the doctrine. Finally, Mr. Lafferty can point to no specific action by Officer Heenan that violated his constitutional rights, either as to his arrest or the alleged excessive force.

*Id*. at 2. Defendant also goes through the various allegations of excessive force and cites to previous case law permitting the reasonable use of force by officers facing similar active resistance. *Id*. at 7–8 (citing cases).

The Court agrees Mr. Lafferty has failed to submit any admissible evidence to support his case. Mr. Lafferty's unsigned and unsworn discovery response is inadmissible and insufficient to create a question of fact. *See* Fed. R. Civ. P. 33(b); Fed. R. Civ. P. 56(e); *Nelson v. City of Flint*, 136 F. Supp. 2d 703, 715 (E.D. Mich. 2001); *Nordstrom, Inc. v. Ralls*, No. C10-0211-RSL, 2010 WL 5069462, *2 (W.D. Wash. Dec. 7, 2010) (statement not declaring that it was made under penalty of perjury did not comply with 28 U.S.C. § 1746 or satisfy requirement of FRCP 56(c) that factual positions be supported).

There is no genuine dispute as to any material fact. Of course, this does not end the Court's analysis. However, examining the record before it, the Court must conclude as a matter of law that Defendant Heenan's conduct arising out of Plaintiff's arrest, including both the decision to arrest and the force applied, was objectively reasonable based on the prior

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

jurisprudence cited in Defendant's Motion. There is insufficient evidence that serving a no-trespass order was a reason that Mr. Lafferty was arrested or detained, and even if such existed, there is plenty of un-rebutted evidence to support another, entirely valid reason.[1] Defendant Heenan and the other officers involved had probable cause to arrest for domestic violence that violated state law. Plaintiff's claim for wrongful arrest therefore fails. *See Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L.Ed.2d 537 (2004). Mr. Lafferty's excessive force claim as pled and argued is full of unsupported details and contrary to the record before the Court. Mr. Lafferty's claims are also barred by *Heck*, *supra*, due to his previous guilty plea. Mr. Lafferty has failed to make a sufficient showing on the essential elements of his case to survive summary judgment. *See Celotex, supra.* Given all of the above, the Court can dismiss this claim and need not address the question of qualified immunity.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Heenan's Motion for Summary Judgment (Dkt. #54) is GRANTED. Plaintiff's remaining claims are DISMISSED. This case is CLOSED.

DATED this 17 day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Mr. Lafferty has apparently not conducted any discovery in this matter, "such as deposing the officers or even propounding written discovery to Officer Heenan." Dkt. #58 at 5.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8